Jian Fu CHI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73395.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

Matthew F. McGahren, Norcross, GA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Jian Fu Chi, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Wang v. INS,* 352 F.3d 1250, 1253 (9th Cir.2003), we deny the petition for review.

■ The IJ's adverse credibility finding rests in part on conflicting accounts given by Chi regarding alleged incidents of religious persecution suffered by members of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

his family at the hands of Chinese authorities. Because these inconsistencies go to the heart of Chi's claim of persecution, they constitute substantial evidence supporting the finding that Chi was not credible. *See id.* at 1259 (where at least "one of the identified grounds is supported by substantial evidence and goes to the heart of [a petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding").

Accordingly, Chi has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Chi's CAT claim fails because it is based on the same testimony that the IJ concluded was incredible. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**